MARGARET E. MABIE [5760731]
margaretmabie@marsh.law
GIANNA N. ELLIOT [5847173]
giannaelliot@marsh.law
**MARSH LAW FIRM PLLC**
31 HUDSON YARDS, 11TH FLOOR
NEW YORK, NEW YORK 10001
TELEPHONE: (212) 372-3030

*Attorney(s) for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| "JENNY", "FIONA", "CASSEAOPEIA", "JANE", "SARAH", "HENLEY", "JESSY", "PIA", "AVA", "SLOANE", and "TAYLOR", <br><br>Plaintiffs,<br><br>v.<br><br>DAVID CORWIN,<br><br>Defendant. | Case No: 2:23-cv-09473<br><br>**COMPLAINT**<br><br>Jury Trial Demanded |

The Plaintiffs, on their own behalf, and through their attorney of record James R. Marsh of Marsh Law Firm, PLLC allege their complaint as follows:

**NATURE OF THE ACTION**

1.  This is a suit for damages arising out of the Defendant's violations of federal criminal child pornography statutes, including but not limited to, 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B), 2252(b)(1) and 2252(b)(2).[1]

---

[1] While civil liability can be predicated on Defendant's criminal conviction of criminal statutes, a criminal conviction for a particular predicate crime is not necessary in order for a victim to pursue a civil remedy. *See Smith v. Husband*, 376 F. Supp. 2d 603, 613 (E.D. Va. 2005) *citing Sedima S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479 (1985) (finding that private action based on violation of a criminal predicate can proceed without a criminal conviction).

2.      18 U.S.C. § 2255(a) allows victims of child pornography crimes to recover liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred. The Court may also award punitive damages and grant such other preliminary and equitable relief as the Court determines to be appropriate.

## PARTIES

3.      "Jenny" is an adult and resides outside of the State of New York.

4.      "Jenny" is a pseudonym for the victim depicted in the Jenny child pornography series.

5.      "Fiona" is an adult and resides outside the State of New York.

6.      "Fiona" is a pseudonym for a victim depicted in BluesPink1 child pornography series.

7.      "Casseaopeia" is an adult and resides outside the State of New York.

8.      "Casseaopeia" is the pseudonym for the victim depicted in the Lighthouse3 child pornography series.

9.      "Jane" is an adult and resides outside the state of New York.

10.     "Jane" is the pseudonym for the victim depicted in the CinderBlockBlue child pornography series.

11.     "Sarah" is an adult and resides outside of the state of New York.

12.     "Sarah" is a pseudonym for the victim depicted in the MarineLand1 child pornography series.

13.     "Henley" is an adult and resides outside of the state of New York.

14. "Henley" is a pseudonym for the victim depicted in the BluePillow1 child pornography series.

15. "Jessy" is an adult and resides outside of the state of New York.

16. "Jessy" is a pseudonym for the victim depicted in the Surfer Hair child pornography series.

17. "Pia" is an adult and resides outside of the state of New York.

18. "Pia" is a pseudonym for the victim depicted in the Sweet White Sugar child pornography series.

19. "Ava" is an adult and resides outside of the state of New York.

20. "Ava" is a pseudonym for the victim depicted in the Sweet Purple Sugar child pornography series.

21. "Sloane" is an adult and resides outside of the state of New York.

22. "Sloane" is a pseudonym for the victim depicted in the Tara child pornography series.

23. "Taylor" is an adult and resides outside of the state of New York.

24. "Taylor" is a pseudonym for the victim depicted in the RedGlassesCry child pornography series.

25. Each of the plaintiffs is a person who was sexually abused as a child and whose sexual abuse is depicted in images of child pornography seized from defendant's possession.

26. David Corwin [hereinafter "Defendant"] is an adult who, upon information and belief, is currently in the custody of the US Bureau of Prisons, and at all material times herein resided within the state of New York.

## JURISDICTION AND VENUE

27. Federal subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1331 because this is a civil action arising under 18 U.S.C. § 2255.

28. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because (i) this is a civil action brought in the judicial district where, on information and belief, the Defendant resided at the time of the offenses alleged herein and (ii) a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this judicial district.

## FACTS

### The Defendant Pleaded Guilty to Receipt of Child Pornography in Violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1).

29. Defendant was charged in the United States District Court, Eastern District of New York, in the matter denominated *United States v. David Corwin*, [EDNY] Case No. 21-cr-0218, with the crimes of Receipt of Child Pornography in violation of 18 USC §§ 2252(a)(2) and (b)(1) and Possession of Child Pornography in violation of 18 USC §§ 2252(a)(4)(B) and (b)(2). The Receipt of Child Pornography crime was alleged to have been committed on or about and between March 1, 2021 and March 24, 2021 and the Possession of Child Pornography crime was alleged to have been committed on or about March 18, 2021.

30. On March 7, 2022, Defendant pleaded guilty to Receipt of Child Pornography as charged and was sentenced with a judgment entered against him on November 18, 2022.

31. Plaintiffs are victims of the defendant's criminal conduct—including but not limited to violations of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)—and expect to be paid restitution as set forth in the Court's judgment entered on January 23, 2023, affirming an Order

of Restitution filed on November 28, 2022, which required Defendant to pay restitution to victims of his crimes including the Plaintiffs herein.

## Plaintiffs are Victims of Defendant's Criminal Conduct

32. Plaintiffs have each elected to receive notices via the United States Department of Justice Victim Notification System (VNS) which alerts them when they are potential victims in investigations by federal law enforcement agencies.

33. On information and belief, analysts at the National Center for Missing and Exploited Children (NCMEC) matched child pornography images on the Defendant's computer to child pornography images of Plaintiffs in NCMEC's database and notified the government of its findings in a CVIP report.

34. On June 23, 2022, Plaintiffs first received notice from VNS that their child pornography images were among those possessed by Defendant in violation of federal child pornography law.

## CLAIM FOR RELIEF

## Civil Remedy under 18 U.S.C. § 2255(a)

35. The Plaintiffs repeat and re–allege all prior paragraphs.

36. 18 U.S.C. § 2255, entitled "Civil Remedy for Personal Injuries," provides that any person who is a victim of a violation of 18 U.S.C. § 2252(a)(4)(B) and who suffers personal injury as a result of such violation shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

37. The Defendant pleaded guilty to the predicate federal child pornography crime of receipt of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). As a part of his

crime, Defendant also committed the crime of possession of child pornography which is in violation of 18 U.S.C. § 2252(a)(4)(B) and is a predicate crime resulting in liability under 18 U.S.C. § 2255. Restitution was ordered as part of his judgment and sentence to pay restitution to each of the victims of his criminal offenses, including each of the Plaintiffs herein.

38. 18 U.S.C. §§ 2252(a)(2) and (b)(1) provides that any person commits a federal crime who:

> (a) (2) knowingly receives, or distributes, any visual depiction using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce, or which contains materials which have been mailed or so shipped or transported, by any means including by computer, or knowingly reproduces any visual depiction for distribution using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or through the mails, if—
>
> > (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and
> >
> > (B) such visual depiction is of such conduct;
>
> (b) (1) Whoever violates, or attempts or conspires to violate, paragraph (1), (2), or (3) of subsection (a) shall be fined under this title and imprisoned not less than 5 years and not more than 20 years, but if such person has a prior conviction under this chapter, section 1591, chapter 71, chapter 109A, or chapter 117, or under section 920 of title 10 (article 120 of the Uniform Code of Military Justice), or under the laws of any State relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, such person shall be fined under this title and imprisoned for not less than 15 years nor more than 40 years.

39. Defendant was also charged with violations of 18 U.S.C. § 2252(a)(4)(B), which provides that any person commits a federal crime who:

> knowingly possesses, or knowingly accesses with intent to view, 1 or more books, magazines, periodicals, films, video tapes, or other matter which contain any visual depiction that has been mailed, or has been shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign

commerce, or which was produced using materials which have been mailed or so shipped or transported, by any means including by computer, if—

  (A) the producing of such visual depiction involves the use of a minor engaging in sexually explicit conduct; and

  (B) such visual depiction is of such conduct;

40. Each Plaintiff is a victim of Defendant's criminal conduct—including but not limited to violations of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2).

41. The Plaintiffs each elect liquidated damages in the amount of $150,000 and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred, prejudgment and post-judgment interest, and such other relief as the Court deems appropriate.

42. The Plaintiffs are not seeking "actual damages" under 18 U.S.C. § 2255.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs each request judgment against the Defendant as follows:

43. Liquidated damages in the amount of $150,000 each pursuant to 18 U.S.C. § 2255(a);

44. Reasonable attorney's fees pursuant to 18 U.S.C. § 2255(a);

45. Litigation costs pursuant to 18 U.S.C. § 2255(a);

46. Pre-judgment and post-judgment interest;

47. Such other and further relief as the Court deems just and proper.

//

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury.

DATED this 26th day of December, 2023.

                              **MARSH LAW FIRM, PLLC**

                              /s/ Margaret E. Mabie
                              Margaret E. Mabie [5760731]
                              Gianna N. Elliot [5847173]
                              31 Hudson Yards, 11th Floor
                              New York NY 10001
                              Telephone: (212) 372-3030
                              Email: margaretmabie@marsh.law

                              *Attorney(s) for Plaintiffs*